(100 N. W. 1084)

---

## Stewart Cairncross v. O. M. Omlie.

Opinion filed October 10, 1904.

**Appeal — Harmless Error.**

1. Reversible error cannot be predicated upon the admission of incompetent evidence of a fact which is otherwise conclusively established and is not controverted upon the trial.

Appeal from District Court, Walsh county; *Kneeshaw, J.*

Action by Stewart Cairncross against O. M. Omlie. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Bosard & Bosard,* for appellant.

Account books in which the entries are made by the bookkeeper from slips sent up by the clerk selling and delivering the goods are not admissible to prove the account, when unsupported by the evidence of such clerk, that at the time the entries were made upon the slips the goods therein charged were actually delivered. Swan v. Thurman, 70 N. W. 1023; Jackson v. Evans, 8 Mich. 476; House v. Beck, 141 Ill. 290, 30 N. E. 1065, 33 Am. St. Rep. 307; Thompson v. Porter, 53 Am. Dec. 653; Hart v. Kendall, 82 Ala. 144; Kent v. Garvin, 1 Gray, 148; Harwood v. Mulry, 8 Gray, 250; Luse v. Doane, 38 Me. 478; Smith v. Sanford, 12 Pick. 139; Ingraham v. Bockins, 9 S. & R. 285, 11 Am. Dec. 730; Taylor v. Davis, 52 N. W. 756; Miller v. Shay, 145 Mass. 162, 1 Am. St. Rep. 449; Way v. Cross, 63 N. W. 691.

Entries in books in the ordinary course of business must be contemporaneous with the facts related, made by the parties having personal knowledge thereof and corroborated by their testimony. Chaffee v. United States, 18 Wall. 541 L. Ed. 908; Maxwell v. Wilkinson, 113 U. S. 656, 28 L. Ed. 1037; Bates v. Preble, 151 U. S. 149, 14 Sup. Ct. Rep. 277; Putman v. U. S., 162 U. S. 687, 16 Sup. Ct. Rep. 923; Paine v. Sherwood, 21 Minn. 240.

As a general rule, it is essential to the admissibility of entries made by a living witness that he shall be able to state, that at or about the time the entries were made, he knew their contents and knew them to be true, so that the entries and the testimony of the witness concurrently shall be equivalent to a present affirmation of the truth of their contents. Kerns v. McKean, 76 Cal. 87, 18 Pac. 122; Kerns v. Dean, 19 Pac. 817; Dismukes v. Tolson, 67 Ala. 386; McDonald v. Carnes, 90 Ala. 147, 7 So. 919; Swan v. Thurman, 70 N. W. 1023; Ocean Nat. Bank v. Carll, 55 N. Y. 440; Union Electric Co. v. Seattle Theatre Co., 51 Pac. 367.

*Jeff Myers,* for respondent.

The ledger being the first book in which the account was attempted to be preserved and the entries having been shown to have been made contemporaneously with the transactions recorded, it is a book of original entries. 9 Am. & Eng. Enc. of Law, 918 (bb). The fact that the entries were made from memoranda kept by salesmen will not destroy its character as a book of original entry. Id.

Such a book, by an almost unbroken line of American authorities, is admissible to prove a sale and delivery of goods by shopkeepers. Id. page 904.

A settlement of the account was testified to by a witness; this evidence furnishes a sufficient foundation for the introduction of the account on the ledger. Cumbey v. Lovett, 79 N. W. 99; Baxter v. Reynolds, 70 N. W. 1039.

The answer admits the account and pleads payment and settlement.. The sale and delivery of the items were not among the issues in the case, they were, therefore, admitted notwithstanding the general denial. 1 Enc. Pl. & Pr. 804.

If such were the issues made, it was immaterial whether a foundation was laid or not for the admission of the ledger.

YOUNG, C. J. The plaintiff sues to recover the sum of $392.93, which he alleges is due from the defendant as a balance upon an account for goods sold and delivered to one James McNamara between August 24, 1895, and February 7, 1898, and charged to the account of the defendant at his request. A copy of the account is attached to and made a part of the complaint. The answer includes a general denial, and alleges that during the times in question McNamara was a tenant of the defendant, and cultivated his farm upon shares, under a contract which reserved the title of the crop in the defendant; that defendant agreed with the plaintiff that he would pay for goods delivered to McNamara in 1895 from the latter's share of the crop, and that payment therefor was made; that he made a similar agreement for 'the year 1897, and "that after the grain was threshed in the fall, and on or about the 12th day of December, 1898, the defendant paid to the plaintiff, out of the said McNamara's share of the wheat, enough money to pay the account which the said McNamara owed the plaintiff, and that said account was settled satisfactorily to the plaintiff." The jury returned a verdict for plaintiff for the full amount claimed. A motion for new trial was made and overruled, and judgment was entered upon the verdict. This appeal is from the judgment, and error is assigned upon the order overruling the motion for a new trial.

The only errors specified as ground for new trial relate to the admission in evidence of certain pages of the plaintiff's ledger in which the account in question was entered. Upon preliminary cross-examination it developed that the ledger entries were made from written slips prepared by the plaintiff's salesmen, and that the bookkeepers who made the ledger entries had no personal knowledge of the correctness of the slips. The evidence was objected to upon the ground that it was "incompetent, irrelevant and

immaterial, and no foundation laid." It is contended that the ledger account is not an account of original entry, and is therefore not admissible. We are agreed that a proper disposition of this case does not call for an opinion upon this question. If it was an error to admit the ledger, it was without prejudice, for the correctness of the account was not in dispute at the trial. The issues of fact actually litigated upon the trial were those presented by defendant's answer, namely, payment, and, incidental to it, the character and extent of the defendant's obligation; that is, whether he was to pay the entire account, or merely the proceeds of McNamara's share of the crops. It is not claimed that the evidence objected to had any bearing upon either of these questions. The correctness of the items of the account was not questioned at the trial. The plaintiff testified to the correctness of the accounts and to the balance claimed to be due. Both McNamara and the defendant were witnesses. Neither of them challenged the correctness of a single item. On the contrary, it appears from their testimony that the defendant paid $300 upon the account, and that thereafter, for the purpose of making a settlement, he went over the account with the plaintiff and McNamara. The latter claimed to have previously made a number of payments to the plaintiff's son, and produced receipts purporting to have been executed by him. After allowing all payments evidenced by the alleged receipts, there was an overpayment of $67, and this sum was paid back by the plaintiff to the defendant. Shortly afterward the plaintiff discovered that the receipts were forgeries, and brought this action to recover the balance of the account. At the trial the defendant relied upon the McNamara receipts to support his defense of payment. The jury rejected the receipts as spurious, and found for the plaintiff. The sufficiency of the evidence to sustain this finding is not challenged. Upon this state of facts, it is clear that the evidence in question was not material upon the questions actually litigated. The parties having agreed upon the correctness of the items of the account, the admission of the ledger was, in any event, harmless. The rule is that where error alleged by an appellant could have worked no injury to him, and could not have changed the result, the judgment appealed from will not be disturbed. See 2 Enc. Pl. & Pr. 500, and cases cited.

Judgment affirmed. All concur.